**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-0746-WJM

In re: GARY LEE BRYAN

ARTHUR CLARK,

     Defendant/Appellant,

v.

M. STEHEN PETERS, Chapter 7 Trustee, Plaintiff/Appellee,
JANEL K. BRYAN, Defendant/Appellee, and
AURORA LOAN SERVICES, LLC, Defendant/Appellee.

## ORDER AFFIRMING BANKRUPTCY COURT'S MARCH 9, 2012 ORDER

In this Bankruptcy Appeal, Defendant/Appellant Arthur Clark ("Clark" or "Appellant") appeals the Bankruptcy Court's March 9, 2012 Order (the "Order") holding that Appellant did not establish a lien interest against certain real property, and that he was not entitled to a share of the net proceeds from the sale of that property. (ECF No. 15-1.)  For the reasons set forth below, the Bankruptcy Court's Order is affirmed.

### I. BACKGROUND

This appeal concerns the Bankruptcy Court's determinations regarding the competing interests of several parties in approximately $850,000 in sale proceeds (the "Net Proceeds") received by Trustee M. Stephen Peters (the "Trustee") from the sale of real property located at One Finch, Littleton, Colorado (the "Property").  (ECF No. 18 at 6-8.)  Those parties claiming an interest in the Net Proceeds are the bankruptcy estate; the wife of the chapter 7 debtor in the underlying bankruptcy case, Janel K. Bryan;

Aurora Loan Services, LLC ("Aurora"); Specialized Loan Servicing, LLC ("Specialized"); and Appellant Arthur Clark. (*Id.*)

In 2002, Appellant (along with an affiliated company, AET Environmental) filed a lawsuit against Debtor Gary L. Bryan ("Debtor" or "Mr. Bryan") and a company owned by Mr. Bryan, G.L. Bryan Investments, Inc. ("GLBI"), to recover monies owed to Appellant. (Stipulated Facts, Record, Volume I, p. 322.) On June 1, 2004, Appellant obtained a judgment in his favor against Mr. Bryan in the amount of $211,000. (*Id.*) Shortly thereafter, Appellant recorded a transcript of judgment in various counties in the Denver Metropolitan Area where Mr. Bryan might own real property. (*Id.*) A transcript of judgment was recorded Jefferson County, Colorado where the Property is located. (*Id.*)

On October 3, 2005, Mr. Bryan filed for protection under Chapter 13 of the Bankruptcy Code. *See* Docket of Case No. 05-38302-SBB. His bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on November 2, 2006. *Id*.

On February 18, 2010, the Trustee filed a Complaint commencing a adversary proceeding concerning Mr. Bryan's bankruptcy.[1] (ECF No. 18 at 8.) The Trustee sought a declaration regarding the validity, priority, and extent of the liens and

---

[1] This current adversary proceeding is the third of three adversary proceedings commenced within this bankruptcy proceeding. The first, Case No. 07-01063-SBB, was an action commenced by Arthur Clark against Gary Bryan objecting to the Debtor receiving a discharge. That case concluded with the Debtor waiving his discharge in a pleading filed January 18, 2008. The second adversary in this matter was an action brought by the Trustee, Case No. 08-01102-SBB, against Gary Bryan, Janel Bryan, Vectra Bank, Colorado, N.A., Auto Source, LLC, and Brad Hunt as Trustee of the Bryan Family Trust. That case sought to recover assets on behalf of the estate, primarily, but not exclusively, from the Bryan Family Trust (the "Sham Trust"), including the Property. On June 4, 2009, the Bankruptcy Court found that the Bryan Family Trust was, in fact, a Sham Trust. The Trustee recovered funds from both Vectra Bank and Auto Source as part of the Sham Trust Adversary.

interests in the Property and in the Net Proceeds arising from the Trustee's sale of the Property. (*Id.*)

Following a two-day trial that took place on December 14 and 15, 2011, U.S. Bankruptcy Judge Sidney B. Brooks issued an Order on March 9, 2012 holding that: (1) Aurora held a first priority lien interest in the Net Proceeds; (2) Specialized held a second priority interest in the Net Proceeds; and (3) Appellant held no lien interest at all in the Net Proceeds. (ECF No. 15-1.) The Bankruptcy Court's conclusion that Appellant held no lien interest was not advocated by any party at the conclusion of trial. (ECF No. 23 at 3-4.) However, relying on Colorado case law, most notably *Shepler v. Whalen*, 119 P.3d 1084 (Colo. 2005), the Bankruptcy Court held that Appellant held no lien interest in the Property or Net Proceeds. (ECF No. 15-1 at 8-23.)

On March 22, 2012, Appellant filed a Notice of Appeal of the Bankruptcy Court's March 9, 2012 Order. (ECF No. 2.) On May 25, 2012, Appellant filed his Opening Brief on Appeal. (ECF No. 18.) In his appeal, Appellant argues that the Bankruptcy Court's holding in its March 9, 2012 Order was clear error.[2] On July 7, 2012, Appellee Trustee filed his Response in Opposition to Mr. Clark's Appeal. (ECF No. 23.) On July 10, 2012, Appellee Aurora filed its Response in Opposition to Mr. Clark's Appeal. (ECF No. 24.) Also on July 10, 2012, Appellee Janel Bryan filed her Response Brief in

---

[2] Appellant submits five additional issues for appeal regarding the priority that Mr. Clark's lien should have on the Property, and advances the doctrines of equitable subordination and marshaling related to his lien. (ECF No. 18 at 5-6.) However, these issues are dependent on first finding that such a lien exists.

Opposition.³  (ECF No. 25.)  Appellant filed his Reply Brief on July 27, 2012.  (ECF NO. 29.)

This appeal is now ripe for resolution.

## II.  LEGAL STANDARD

In reviewing a Bankruptcy Court's decision, the District Court functions as an appellate court and is authorized to affirm, reverse, modify, or remand the Bankruptcy Court's ruling.  28 U.S.C. § 158(a); Fed. R. Bankr. P. 8013.  As the Appellate Court, the District Court has discretion to affirm "on any ground adequately supported by the record, so long as the parties have had a fair opportunity to address that ground." *Maldonado v. City of Altus*, 433 F.3d 1294, 1302-03 (10th Cir. 2006).

A Bankruptcy Court's legal conclusions are reviewed *de novo*, and factual findings are reviewed for clear error.  *In re Warren*, 512 F.3d 1241, 1248 (10th Cir. 2008).  On mixed questions of law and fact, the Court reviews *de novo* any question that primarily involves the consideration of legal principles, and applies the clearly erroneous standard if the mixed question is primarily a factual inquiry.  *In re Wes Dor, Inc.*, 996 F.2d 237, 241 (10th Cir. 1993).

## III.  ANALYSIS

On appeal, Appellant first argues that the Bankruptcy Court erred by determining that Mr. Clark never established a lien interest in the Property.  (ECF Nos. 18 at 20-21; 29 at 6-9.)

---

³ Appellee Janel Bryan originally filed a Notice of Cross Appeal.  (ECF No. 11.) However, Ms. Bryan later moved to dismiss her Cross Appeal, and her motion was granted by the Court on July 31, 2012.  (ECF No. 31.)

The question of whether Appellant held a valid lien interest against the Property is determined by application of Colorado state law.  *See In re Wise*, 346 F.3d 1239, 1241 (10th Cir. 2003).  In order to establish a lien against real property in Colorado, a creditor, after obtaining a judgment, must record a transcript of the judgment in any county in which the judgment debtor may or will hold any interest in real property.  *See Krendl, Colorado Methods of Practice*, § 40.3 "The lien process – Judgment lien on real property"(6th Ed. 2011).  Upon recording of the transcript of judgment, a lien attaches to any property interest of the judgment debtor.  *Id*.

Further, Colo. Rev. Stat. § 13-52-102 provides, in part:

> A transcript of the judgment record of such judgment, certified by the clerk of such court, may be recorded in any county; and from the time of recording such transcript, and not before, the judgment shall become a lien upon all the real estate, not exempt from execution in the county where such transcript of judgment is recorded, owned by such judgment debtor or which such judgment debtor may afterwards acquire in such county, until such lien expires.

Appellant argues that the Bankruptcy Court erred in finding that he did not have a lien interest in the Property.  It is uncontested that Appellant obtained a judgment against Gary L. Bryan and recorded a transcript of that judgment on July 15, 2004.  (Stipulated Facts, Record, Volume I, p. 322.)  It is also uncontested that the Property had been deeded from Gary L. Bryan to what was later held to be a "Sham" Trust, and that Mr. Bryan was a beneficiary of that Trust.  (Order from Trust Adversary, p. 5, attached to Appellant's Appeal Brief, Ex. D; Trust Agreement, *Id.*, Ex. C; Stipulated Facts, Record, Volume I, p. 321.)  By May 9, 2005, title to the Property was deeded directly back into the name of Gary Bryan.  (Stipulated Facts, Record, Volume I, p. 323.)  Therefore, according to Appellant, he held a judgment lien against the Property

at least as of May 2005, and the Bankruptcy Court erred by finding that such a lien was not valid.

Despite the facts and arguments made above, the Bankruptcy Court found that Appellant never established a valid lien interest in the Property or the Net Proceeds. (ECF No. 15-1.)  After a thorough review of the applicable facts and law, the Court agrees.

As described above, Appellant did indeed record a transcript of judgment against Gary L. Bryan on July 15, 2004, at a time when the Sham Trust was the record owner of the Property.  (Stipulated Facts, Record, Volume I, pp. 322-23.)  However, the Bankruptcy Court concluded that the judgment lien did not attach to the Property based upon principles described in *Shepler v. Whalen*, 119 P.3d at 1088.  (ECF No. 15-1 at 8-23.)

Under *Shepler*, "'a recorded transcript of judgment does not automatically create a lien upon property which a judgment debtor has allegedly fraudulently conveyed to a third party.' Before the judgment can attach 'the creditor must successfully prosecute a fraudulent conveyance lawsuit.'" *Id*. (citing *Security Services, Ltd. v. Equity Management, Inc.*, 851 P.2d 921, 924 (Colo. App. 1993)).  In addition, "as between grantor and grantee, a fraudulent conveyance is valid 'until some action is taken to uncover the fatal flaw in the transaction.'" *Id*.  Also under *Shepler*, the diligent creditor who first undoes the fraud obtains a right to priority to which the claims of other judgment creditors, whether prior or subsequent, must yield precedence.  *Id*. at 1090. "Granting first priority to the creditor bringing suit is consistent with the maxim that 'the

law favors diligent creditors.'" *Id*. (internal quotation and citation omitted). "To hold to the contrary would allow creditors to 'lie idle until others have by their superior diligence discovered the fraud and commenced proceedings in equity to thwart it by obtaining the cancellation of the conveyance, and then step forward and reap the first fruits of their diligence.'" *Id*.

Between 2000 and 2005, the Property was transferred back and forth between the Bryans and the Sham Trust numerous times. (Record, Vol. 1, pp, 744-46.) On the date the bankruptcy was filed, the Sham Trust was the record owner of the Property. (Record, Vol. 1, pp. 746-47.) It is undisputed that Appellant never commenced nor prosecuted a fraudulent conveyance lawsuit, but, instead, filed an unsecured proof of claim and encouraged the Trustee to pursue the Sham Trust Adversary. (Record, Vol. 1, pp. 710-714, 747-48, 755. 467-71.) It was only after the Trustee succeeded in the Sham Trust Adversary, found a buyer for the Property, and was within days of closing the sale that Appellant asserted a lien interest in the Property. (Record, Vol. 1, pp. 483-84, 746- 48.) Moreover, the Trustee had previously filed a motion seeking to sell the Property free and clear of all liens, and Appellant raised no objection to the motion at that time. (Record, Vol. 1, pp. 481-84.)

Appellant believes that because no party advanced the Bankruptcy Court's finding at the conclusion of the trial then such a finding must be error. (ECF No. 18 at 20-21.) That is not the case. Rather, the Court must review the Bankruptcy Court's findings to determine if it correctly applied the undisputed facts to the law, regardless of what the parties' positions are on the application of the law in question. *See In re Wes Dor*, Inc., 996 F.2d at 241. Here, after reviewing the facts and the law above, the Court

finds that the Bankruptcy Court's determination that Appellant did not hold a valid lien interest in the Property or the Net Proceeds under the principles applied in *Shepler* was not error.[4]  Therefore, the Bankruptcy Court's March 9, 2012 Order is affirmed.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS that the Bankruptcy Court's March 9, 2012 Order is hereby AFFIRMED.

Dated this 8th day of November, 2012.

BY THE COURT:

William J. Martínez
United States District Judge

---

[4]  Because the Court concludes that the Bankruptcy Court's finding with respect to whether Appellant held a valid lien interest against the Property or the Net Proceeds was not error, the Court does not address Appellant's remaining issues which are dependent on finding that he did possess a valid lien interest.